STATE OF MAINE                                   UNIFIED CRIMINAL DOCKET
WASHINGTON,ss                                    LOCATION: MACHIAS
                                                 DOCKET: WASCD-VI-18-12


STATE OF MAINE                          )
                                        )
                                        )
                                        )
                                        )
vs.                                     )         ORDER AND DECISION
                                        )
                                        )
                                        )
                                        )
DENNIS MOODY                            )
            Defendant                   )


By a summons dated January 10, 2018, the Defendant, Dennis Moody, is charged with illegal
drag configuration pursuant to 12 M.R.S.A. § 6174. Trial was held, jury waived, on September
27, 2018. Trial testimony was received from Officer Keith York, Officer Andrew Foss, and
Thomas Moody. Also admitted in evidence were the following exhibits:

            State's Exhibit 1-photograph of urchin drag
            State's Exhibit 2-photograph of scallop drag attached to rigging
            State's Exhibit 3- photograph of scallops
            State's Exhibit 4- photograph of scallops
            State's Exhibit 5-photograph of urchin drag
            State's Exhibit 6-Certicate of Authenticity of Regulation 11.04
            Defense Exhibit 1- map

In this case the State must establish by a preponderance of the evidence that the Defendant
violated a Department of Marine Resources regulation. In general, the State alleges that the
Defendant, while scallop fishing, had on board his vessel an urchin drag which was in violation
of the scallop drag configuration regulation. Accordingly, the State must establish the
applicable regulations, and also prove by a preponderance of the evidence that Defendant
violated them.

                                        FACTS

From the testimony and evidence, the court makes the following findings:
On January 10, 2018 Defendant and his crew were scallop fishing in Machias Bay. Prior to
leaving the dock, they removed from their vessel an urchin drag, knowing that the urchin drag
was in violation of the scallop drag configuration, as established by Department of Marine
Resources regulation 11.04. (State's Exhibit 6). They placed the urchin drag on the dock before
going out onto the bay to drag for scallops.

1

Defendant and his crew made a couple hauls with their properly configured scallop drag, and quickly caught their limit. Concerned that the urchin drag left on the dock would be vandalized, and having completed scallop fishing for the day, they returned to the dock to retrieve the urchin drag and placed it back in the vessel. They then drove the vessel out of the bay, beyond the scallop fishing territory, where they proceeded to shuck their scallops.

While Defendant and his crew were shucking their scallops, Marine Patrol Officers Keith York and Andrew Foss arrived to conduct an inspection. Officer York went on board and observed the scallop drag attached to the rigging (State's Exhibit 2), and both shucked and un-shucked scallops. (State's Exhibits 3 and 4). Officer York also observed on the deck of the vessel an urchin drag. (State's Exhibits 1 and 5). Per Officer York, the urchin drag was dry, not attached to rigging, and did not appear to have been used. During Officer York's inspection, the Defendant attempted to explain to the officer that the urchin drag had been left on the dock while dragging for scallops, but they had returned to the dock only after they had finished scalloping to retrieve the urchin drag for fear of vandalism.

Officer York de-boarded the Defendant's vessel to discuss the situation with his superior officer. Some minutes later Officer York returned to Defendant's vessel, and boarded again to issue a summons for Illegal Drag Configuration.

## DISCUSSION

There is no dispute that the configuration of the urchin drag found on Defendant's vessel was in violation of Regulation 11.04, Configuration of Scallop Drag. Defendant does not dispute this fact. It was an urchin drag, not a scallop drag. The State further contends however that merely having an urchin drag on the vessel is in violation Department of Marine Resources regulations. The officer testified that it was against Marine Resources regulations to have an urchin drag on the vessel under any circumstances.[1] 12 M.R.S.A. §6174(2) provides:

> **Proof of rules.** A certified copy of a rule is admissible in court to prove the rule and is prima facie evidence that the rule was properly adopted. A rule must be personally certified by the commissioner, deputy commissioner or Chief of the Bureau of Marine Patrol and must be accompanied by a signed statement that it was in force on the date of the alleged violation. The certified copy is admissible in evidence on the testimony of a marine patrol officer that the patrol officer received the certified rule after requesting it by telephone or otherwise from the department. No further foundation is necessary for the admission of the certified copy.

The State has failed to offer or provide to the court a certified copy of the regulation which purportedly makes it an offense to have on board a drag with non-compliant configuration.

---

[1] Defendant and his witness, Thomas Moody, acknowledge that they are prohibited from having an urchin drag on board while scallop dragging, even if the urchin drag is not being used. Their contention is at the time the urchin drag was on the vessel, they were no longer scalloping, and they had put the urchin drag back on the vessel for fear of vandalism.

In this case, the urchin drag was not on board the vessel while Defendant and his crew were fishing scallops. Only after they had caught their limit and were done scalloping for the day did Defendant and his crew place the urchin drag back on the vessel. But the drag was never attached to rigging, never put in the water, and never used. On these facts, the court believes the applicable regulation needs to be closely reviewed and scrutinized by the court to determine whether Defendant's conduct is actually in violation of the regulation. By not offering into evidence the applicable regulation that purportedly prohibits the alleged conduct, the State has deprived the court of the opportunity to parse the evidence, weigh the facts an determine whether the regulation has in fact been violated. And the State has not complied with 12 M.R.S.A. § 6174(2). For those reasons, the court finds the State has failed to prove by a preponderance of the evidence that the Defendant committed an offense.

In addition, were the court to find that Defendant committed a technical violation, " de minimis infractions" pursuant to 17-A M.R.S.A. §12 would likely apply. 17-A M.R.S.A. §12 provides:

**1.** The court may dismiss a prosecution if, upon notice to or motion of the prosecutor and opportunity to be heard, having regard to the nature of the conduct alleged and the nature of the attendant circumstances, it finds the defendant's conduct:

**A.** Was within a customary license or tolerance, which was not expressly refused by the person whose interest was infringed and which is not inconsistent with the purpose of the law defining the crime; or

**B.** Did not actually cause or threaten the harm sought to be prevented by the law defining the crime or did so only to an extent too trivial to warrant the condemnation of conviction; or

**C.** Presents such other extenuations that it cannot reasonably be regarded as envisaged by the Legislature in defining the crime.

The State points out that the purpose of the regulations involved were to protect and conserve marine resources. In this case, Defendant's conduct did not threaten the harm sought to be prevented by the law, as Defendant and his crew were no longer scalloping. Also, their fear of vandalism to the urchin drag left on the dock presented an extenuating circumstance justifying their placing the urchin drag back on the vessel after they had completed scalloping.

In conclusion, the court finds that the State has failed to prove by a preponderance of the evidence that Defendant committed an offense and is therefore not adjudged.

Dated: October ___, 2018

_____
Justice, Superior Court

3